[Cite as *Blacker v. Ross Correctional Inst.*, 2011-Ohio-1773.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NATHANIAL BLACKER

　　Plaintiff

　　v.

ROSS CORRECTIONAL INSTITUTION

　　Defendant

　　Case No. 2010-09230-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On July 19, 2010, plaintiff, Nathanial Blacker, filed a complaint against defendant, Ross Correctional Institution. Plaintiff alleges on April 1, 2010, at approximately 10:00 a.m., two unknown defendant agents confiscated his tennis shoes, allegedly held them as evidence, and later destroyed them as a biohazard. Plaintiff seeks damages in the amount of $100.00. The filing fee was waived.

{¶ 2} On October 12, 2010, defendant filed a motion to dismiss. In support of the motion to dismiss, defendant stated in pertinent part:

{¶ 3} "Defendant's investigation of Plaintiff's allegations indicates that his shoes were taken per Disposition of the Rules Infraction Board (RIB). Plaintiff was charged and found guilty by the RIB of fighting and possession of a weapon (i.e., shank/homemade knives). His shoes were blood stained as a result of the fight and confiscated as evidence for the RIB and criminal investigation proceedings. Exhibits A through F.

{¶ 4} "Plaintiff's claim should be dismissed for lack of subject matter jurisdiction

because an inmate's appeal of a RIB decision does not relate to civil law.  The RIB confiscated the blood stained shoes as contraband and evidence for a disciplinary administrative RIB action then turned the shoes over to the Ohio State Highway Patrol as evidence of a possible criminal charge.  Exhibits A through F.  This Court has repeatedly held that it has no jurisdiction over decisions of the RIB.  Lack of subject matter jurisdiction is, therefore, applicable in this case."

{¶ 5}   While plaintiff has failed to respond to defendant's motion to dismiss, he did file a motion for default judgment asserting judgment should be awarded in his favor based upon the defendant's failure to submit an investigation report.  However, defendant's filing of the motion to dismiss satisfies defendant's obligation to answer plaintiff's complaint.  Plaintiff's motion is DENIED.

{¶ 6}   The Court of Claims does not have jurisdiction over decisions of the Rules Infraction Board.  *Chatman v. Dept. of Rehabilitation and Correction* (1985), 84-06323-AD*; Ryan v. Chillicothe Institution* (1981), 81-05181-AD; *Rierson v. Department of Rehabilitation* (1981), 80-00860-AD.

{¶ 7}   An inmate's appeal of a Rules Infraction Board decision does not relate to civil law, a proper subject for adjudication pursuant to Chapter 2743 of the Ohio Revised Code.  Instead, the appeal relates to private rights and remedies involving criminal proceedings and penalties imposed by a disciplinary board.  Therefore, it falls outside the Court's exclusive jurisdiction.  *Maynard v. Jago* (1977), 76-0581-AD.

{¶ 8}   Upon review, defendant's motion to dismiss is GRANTED since this court does not have jurisdiction over decisions rendered by the Rules Infraction Board. Plaintiff's case is DISMISSED.  The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Nathanial Blacker, #A505-996   Stephen A. Young, Staff Counsel
16149 State Route 104     Department of Rehabilitation
Chillicothe, Ohio  45601     and Correction
             770 West Broad Street
DRB/laa         Columbus, Ohio  43222
Filed 1/21/11
Sent to S.C. reporter 4/8/11